09-4829-ag
Ahmed v. Holder

BIA
Morace, IJ
A073 669 008

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

SOHEL AHMED,
> *Petitioner,*

> v.                                              09-4829-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:      Usman B. Ahmad, Long Island City, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Lindsay B.

**Glauner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sohel Ahmed ("Ahmed"), a native and citizen of Bangladesh, seeks review of an October 20, 2009, order of the BIA, affirming the January 10, 2008, decision of Immigration Judge ("IJ") Philip L. Morace, denying Ahmed's motion to reopen his removal proceedings. *In re Ahmed*, No. A073 669 008 (B.I.A. Oct. 20, 2009), *aff'g* No. A073 669 008 (Immig. Ct. N.Y. City Jan. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA, as it did here, "adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

An alien who has been ordered removed may file one motion to reopen, but must do so within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i). Ahmed concedes that his October 2007 motion to reopen, filed more than eleven years after the entry of his August 1996 final order of removal, was untimely. *See id.*; 8 C.F.R. § 1003.2(c)(2). To overcome this limitation, Ahmed was required to demonstrate changed country conditions material to his asylum application. 8 U.S.C. § 1229a(c)(7)(C)(ii). The agency concluded that he failed to do so. We review the agency's factual findings regarding changed conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The IJ reasonably found that Ahmed's evidence – a letter from his brother recounting abuse family members had suffered due to their involvement in the Awami League political party, a personal affidavit reiterating the factual allegations contained in the letter, and background evidence discussing country conditions in Bangladesh – did not demonstrate a change in country conditions material to Ahmed's claim for relief. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (explaining that

3

the weight afforded certain evidence is "largely within the discretion of the IJ" (internal quotation marks omitted)).

As the agency found, the letter and affidavit have only minimal relevance because the members of Ahmed's family who were attacked are not similarly situated to Ahmed, who has not lived, or been politically active, in Bangladesh since 1993. *See Jian Hui Shao*, 546 F.3d at 160-61 (upholding BIA's conclusion that reports detailing forced sterilization of individuals not similarly situated to petitioner were immaterial). Furthermore, the three-paragraph letter in question contained only the barest allegation that Ahmed would face persecution if he returned to Bangladesh. Therefore, the BIA acted within its discretion when it chose "what seem[ed] to [it] to be the most reasonable inference" from the evidence presented. *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007), quoting *Lavender v. Kurn*, 327 U.S. 645, 653 (1946).[1] As a result, the agency reasonably determined that Ahmed failed to establish a material change

---

[1] In his brief to this Court, Ahmed does not rely on the newspaper articles and other background material he had submitted to the IJ. He has thus abandoned any claim that these documents establish a material change in condition in Bangladesh. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

in country conditions and properly denied his motion to reopen.  *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *Jian Hui Shao*, 546 F.3d at 161-62.  Accordingly, we need not reach Ahmed's argument that he is prima facie eligible for relief.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).[2]

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



---

[2] Shortly after the IJ's decision denying Ahmed's motion to reopen, the Awami League won an overwhelming victory in national elections in Bangladesh.  U.S. Dep't of State, 2009 Human Rights Report:  Bangladesh (Mar. 11, 2010).  Ahmed's claim that he would be persecuted because of his family's association with that party thus rings particularly hollow under present conditions.